UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph Dixon,                                            Civil No. 05-601 (DSD/FLN)

      Plaintiff,

      v.                                                **REPORT AND RECOMMENDATION**

Jo Anne B. Barnhart, Commissioner of
Social Security Administration,

      Defendant.

_____

*Pro Se* Plaintiff.
Lonnie Bryan, Assistant United States Attorney, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate August 12, 2005, on Defendant's Motion to Dismiss [#12]; and on Plaintiff's Motion for Summary Judgment [#24]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Defendant's Motions be granted.

## I. FINDINGS OF FACT

Plaintiff Joseph Dixon seeks judicial review of the Social Security Administration's withdrawal of disability benefits under Titles II and XVI of the Social Security Act. Defendant Jo Anne Barnhart, Commissioner of the Social Security Administration ("SSA"), moves to dismiss, arguing that this Court lacks subject matter jurisdiction over the Complaint because Plaintiff has failed to exhaust his administrative appeals remedies.

Plaintiff was originally granted Disability Insurance Benefits ("DIB") in 1988. The SSA regularly reviews the cases of people receiving DIB to monitor the recipient's disability status. See

e.g., Baskerfield Aff. In 1998, the SSA conducted a continuing disability review and concluded that Plaintiff continued to be disabled, as defined by the Act, by paranoid schizophrenia and other functional psychotic disorders, and that he was therefore entitled to continued disability benefits. See id. at Ex. 4.

The SSA commenced another disability review in 2003. See id. at ¶ 3(a) and Ex. 1. On February 21, 2003, the SSA Minneapolis District Office mailed Plaintiff a letter informing him of the review procedures. Id. at Ex. 1. The letter instructed Plaintiff to complete the forms attached to the letter that required information showing Plaintiff's medical condition, such as records of hospital stays, clinic visits, and medicines used. The letter informed Plaintiff that if he could not complete the forms by March 10, 2003, he should call his agent at the Minneapolis office immediately, and that the agent would assist Plaintiff in gathering the required information. The letter warned Plaintiff that his benefits could be terminated if he did not provide the information or contact the SSA by March 10, 2003. Id. Plaintiff never responded to the February letter.

On June 20, 2003, the Minneapolis office mailed Plaintiff a second request for medical information. Id. at Ex. 2. The request included a pamphlet describing the disability review process, and warned Plaintiff that he should complete and return the forms within ten days to prevent any loss of benefits. Plaintiff never contacted the Minneapolis office to request assistance or submitted the required information.

By registered mail on July 9, 2003, the Minneapolis office sent Plaintiff a third and final request to cooperate with the continuing disability review. Id. at Ex. 3. The request informed Plaintiff, that according to SSA's records, Plaintiff had not responded to the previous requests and notices. The request reiterated that Plaintiff's DIB could be terminated if he did not submit the

requested medical information within ten days, and included the phone number for an SSA employee who Plaintiff could contact for assistance. SSA received a return receipt signed by Plaintiff, on July 17, 2003. Id.

On August 18, 2003, SSA notified Plaintiff that because he had not cooperated with the continuing disability review, the SSA had decided to terminate his benefits as of April 2003. Id. at Ex. 4.[1] On August 20, 2003 SSA sent Plaintiff a "Notice of Disability Cessation," in which the SSA informed him that his last check for DIB was issued in April 2003. Id. at Ex. 5. The Notice informed him that he had sixty days to appeal the decision in writing, and instructed him to contact the Minneapolis office if he needed assistance in filing an appeal. The Notice further informed him that if he contacted the office within ten days, his benefits could continue during the administrative appeals process, but that he would need to repay the money in the event he lost the appeal. Enclosed with the letter was an "Explanation of Determination" and SSA publication 05-10058, a pamphlet entitled "Your Right to Question the Decision on Your Social Security Claim." Id.

Plaintiff filed the instant action on March 21, 2005, alleging, inter alia, that the SSA improperly terminated his benefits. See Complaint at 2. Defendant moves to dismiss, arguing that this Court lacks jurisdiction over the Complaint because Plaintiff failed to timely challenge the SSA's termination of benefits and did not seek to reopen the continuing disability review. The Court agrees and concludes that Plaintiff's Complaint should be dismissed without prejudice for failure

---

[1] Under the Social Security regulations, the month in which disability ends is the first month in which the beneficiary failed to do what the SSA requested. 20 C.F.R. § 404.1594(e)(2). The last month for which the SSA can pay benefits "is the second month after the first month in which [the beneficiary] is determined to no longer have a disabling impairment." 20 C.F.R. § 416.1331(a).

to exhaust his administrative remedies.[2]

## II. CONCLUSIONS OF LAW

    A.    **The SSA Followed Regulatory Procedure in Deciding to Terminate Plaintiff's Disability Benefits Based on Plaintiff's Failure to Cooperate With the Continued Disability Review Procedure**

The SSA periodically reviews an individual's continuing entitlement to disability benefits. 42 U.S.C. § 423(f); 20 C.F.R. § 404.1594. A continuation of benefits review compares evidence from two periods of time. 20 C.F.R. § 1594(c); Nielson v. Barnhart, 88 Fed. Appx. 145, 146-47 (8th Cir. 2004). One period concerns evidence that lead to a previous finding of disability; the other concerns evidence showing that the individual was disabled at the time of the continuing review. Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000). The individual has the burden of proof, and must provide SSA with records from his physician or psychologist to document his continued disability. 42 U.S.C. § 423(f); 20 C.F.R. §§ 404.1593(b); 404.1594; 416.1331. The SSA reviews the medical reports and assesses whether there had been any medical improvement in the claimant's impairments and, if so, whether the medical improvement is related to the claimant's ability to work. 20 C.F.R. § 404.1593(b).

If there has been no change in circumstance since benefits were originally awarded, the SSA must determine whether an exception to continuation of benefits applies. Id. The SSA may find that a claimant is no longer entitled to disability benefits regardless of whether he is otherwise considered disabled. 20 C.F.R. § 404.1594(e). Section 404.1594(e)(2) provides that the SSA can

---

[2] The Court heard argument on Defendant's Motion to Dismiss on August 12, 2005. Upon Plaintiff's argument that he never received notice of termination of benefits, the Court Ordered the Government to supplement the record with evidence of the Social Security Administration's notice of benefits termination. Defendant supplemented the record on September 26, 2005. See [#45; 46].

discontinue benefits due to the claimant's non-cooperation with the continuing disability review process:

> [Non-cooperation]. If there is a question about whether you continue to be disabled and we ask you to give us medical or other evidence or to go for a physical or mental examination by a certain date, we will find that your disability has ended if you fail, without good cause, to do what we ask. Section 404.911 explains the factors we consider and how we will determine generally whether you have good cause for failure to cooperate. In addition, § 404.1518 discusses how we determine whether you have good cause for failing to attend a consultative examination. The month in which your disability ends will be the first month in which you failed to do what we asked.

Here, the record shows that Plaintiff did not cooperate with the continuing disability review. He never submitted contemporaneous medical evidence as the SSA repeatedly requested. In light of the SSA's determination Plaintiff's impairments were subject to medical improvement, SSA medical experts reviewed the file before denying benefits. See Baskerfield Aff. Ex. 4; SSA Program Operations Manual ("POM") 28075.005(D)(1)(a). The medical review substantiated the need for current medical information regarding the severity of Plaintiff's impairments. Plaintiff did not cooperate with the disability review and the SSA accordingly terminated his benefits.

**B.  Plaintiff Did Not Seek Reconsideration of the SSA's Decision to Terminate His Benefits**

Upon receipt of the SSA's notice of benefits termination, Plaintiff did not ask the SSA to reopen or reconsider the determination that he failed to cooperate with the disability review. Because Plaintiff did not exhaust his administrative appeals, he may not seek judicial review of the SSA's determination. 42 U.S.C. §§ 405(g); 405(h).

Sections 405(g) and 405(h) form the exclusive jurisdictional basis for judicial review in cases arising under Title II of the Social Security Act. Section 405(g) only authorizes courts to review "final decision[s] of the Commissioner of Social Security made after a hearing." The Act does not

define the term "final decision." Rather, its meaning is left to the Commissioner to flesh out by regulation. Weinberger v. Salfi, 422 U.S. 749, 767 (1975). The regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 404.900(a) et seq.; Califano v. Sanders, 430 U.S. 99, 102 (1977).

Under Social Security Administration regulations, an individual claiming entitlement to benefits under Title II first receives an initial determination of eligibility. 20 C.F.R. § 404.902.[3] If dissatisfied with this determination, the claimant may ask for reconsideration. 20 C.F.R. § 404.907. If dissatisfied with the reconsidered determination, the claimant may request a hearing before an Administrative Law Judge (ALJ). 20 C.F.R. § 404.929. If the claimant is dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the decision. 20 C.F.R. § 404.967. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. 20 C.F.R. § 404.981. The Appeals Council may also grant the request for review and issue its own decision. Id. In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. Id.; see also 20 C.F.R. § 422.210. Ordinarily, a claimant must exercise his administrative appeals rights and seek judicial review within a specified time frame. 20 C.F.R. § 404.900(a). Upon a showing of good cause, however, the Commissioner will extend the time for seeking review. See 20 C.F.R. §§ 404.909(b), 404.911, 404.933(c), 404.968(b), 404.982.

Thus, under the Agency's regulations, a claimant obtains a judicially reviewable final

---

[3] The regulations governing Supplemental Security Income ("SSI") under Title VI of the Act are identical. See C.F.R. §§ 416.1405; 416.1421; 416.1455; 416.1481.

decision only if he completes the administrative appeals process and receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council that it is denying his request for review. 20 C.F.R. §§ 404.981, 422.210.

Here, Plaintiff has not challenged the SSA's termination of benefits pursuant to applicable SSA regulations. He never initiated the administrative appeals process, and never obtained a decision by the Appeals Council or a notice from the Appeals Council denying review of his appeal. Plaintiff never obtained a "final decision of the Commissioner of Social Security made after a hearing;" he has failed to exhaust his administrative remedies, and does not present a judicially reviewable claim. 42 U.S.C. § 405(g). Although in limited situations an exhaustion requirement may be waived, Plaintiff has presented no argument whether those situations exist in the instant case, and the Court concludes exhaustion should not be waived. See In Home Health, Inc. v. Shalala, 272 F.3d 554, 560 (8th Cir. 2001). Because Plaintiff has not demonstrated that he obtained a judicially reviewable "final decision," this Court is without jurisdiction, and his Complaint should be dismissed.

### C. Plaintiff Should Request the SSA to Reopen or Reconsider His Continued Disability Review

Although the instant case should be dismissed, Plaintiff is not without an administrative remedy. He may petition the SSA to reopen his case pursuant to 20 C.F.R. § 404.988(b). According to section 404.988(b), a "determination...or decision...may be reopened...within four years of the date of the notice of the initial determination if [the SSA] find good cause, as defined in § 404.989, to reopen the case." In determining whether a claimant has shown that he had good cause for not filing a review request, the SSA considers what circumstances kept the individual from making a timely request for review; whether the SSA's actions misled the claimant; and whether the

individual had a physical, mental, educational, or linguistic impairment that prevented him from filing a timely request, or prevented him from understanding or knowing about the need to file a timely request for review.  20 C.F.R. § 404.911(a); <u>Boock v. Shalala</u>, 48 F.3d 348, 352 (8th Cir. 1995).  Thus, to challenge the SSA's termination of benefits, Plaintiff must file a request to reopen or reconsider with the SSA.

A request to reopen or reconsider must be in writing and explain why the appeal was not timely filed.  POM 03101.020(A)(1).  In Title II cases, like Plaintiff's, good cause may extend the time for filing an appeal up to four years (August 20, 2007 for Plaintiff).  POM 03101.020(A)(3).  Plaintiff, however, has not requested the SSA to reopen or reconsider his case.  He has not exhausted his administrative remedies, as required by 42 U.S.C. § 405(g), and this Court lacks subject jurisdiction to hear his appeal.  Plaintiff's Complaint should be dismissed without prejudice.

### III.  RECOMMENDATION

Based on the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1)   Defendant's Motion to Dismiss [#12] be **GRANTED** and Plaintiff's Complaint be dismissed **without prejudice;** and

2)   Plaintiff's Motion for Summary Judgment [#24] be **DENIED.**


DATED: December 2, 2005                     s/ *Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 21, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's

brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 21, 2005,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.