UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil o. 05-601(DSD/FLN)

Joseph Dixon,

    Plaintiff,

v.                                           **ORDER**

Social Security Administration,

    Defendant.

    Joseph Dixon, P.O. Box 580050, Minneapolis, MN 55458, pro se.

    Lonnie F. Bryan, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, counsel for defendant.

This matter is before the court upon plaintiff's objections to the report and recommendation of Magistrate Judge Franklin L. Noel, dated December 2, 2005. In his report, the magistrate judge recommended that defendant's motion to dismiss be granted and plaintiff's motion for summary judgment be denied. After a de novo review of the file and record, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation in its entirety.

**BACKGROUND**

In 2003, defendant Social Security Administration ("SSA") notified plaintiff Joseph Dixon on three separate occasions that his disability benefits would cease if he did not complete and return, inter alia, a Notice of Continuing Disability Review.

(Baskerville Decl. ¶ 3a and Exs. AC #1, #2, #3.)  On August 20, 2003, SSA informed plaintiff that his disability benefits were being terminated because he had not completed the documentation necessary to evaluate the status of his medical condition.  (Id. ¶ 3c.)  In that letter, SSA informed plaintiff that he had sixty days to appeal the decision to terminate his disability benefits and explained the manner in which the appeal process works.  (Id. Ex. AC #5.)  However, rather than seeking review of the SSA's decision pursuant to the administrative appeals process, plaintiff filed this action on March 21, 2005.

**DISCUSSION**

Upon a de novo review of the entire file and record, the court finds that the magistrate judge's report and recommendation is well-reasoned and correctly applies the law to plaintiff's complaint.  Section 405 of the Social Security Administration Act is the exclusive jurisdictional basis for judicial review of an SSA determination.  42 U.S.C. § 405(g), (h); Califano v. Sanders, 430 U.S. 99, 102 (1977).  Pursuant to § 405(g), the court has subject matter jurisdiction to review final decisions of the Commissioner of Social Security.  42 U.S.C. § 405(g).  A final decision, for purposes of judicial review, occurs only upon completion of a four-step administrative appeal process that includes an initial determination, reconsideration, a hearing before an administrative

law judge, and a review by the Appeals Council.  See 20 C.F.R. § 404.900(a)(1)-(5).

Plaintiff has not initiated the administrative appeals process.  Accordingly, the Commissioner of Social Security has not reached a final decision regarding plaintiff's disability benefits, as required by the applicable regulations.  See 20 C.F.R. § 404.900.  The magistrate judge correctly concluded that plaintiff has not exhausted his administrative remedies and that, pursuant to 42 U.S.C. §§ 405(g), the court is without subject matter jurisdiction to address the merits of plaintiff's complaint. Therefore, plaintiff's complaint is dismissed without prejudice to seek any available administrative remedy.

## CONCLUSION

After a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge in its entirety.  Further, based upon the foregoing analysis and plaintiff's failure to exhaust his administrative remedies, **IT IS HEREBY ORDERED** that:

1.  Defendant's motion to dismiss [Docket No. 12] is granted.

2.  Plaintiff's motion to impeach defendant and for summary judgment [Docket No. 22] is denied.

3.  Plaintiff's motion to impeach defendant and for summary judgment [Docket No. 24] is denied.

4.   Plaintiff's motion to compel [Docket No. 25] is denied as moot.

5.   Plaintiff's motion to dismiss defendant's motion to dismiss and to impeach defendant [Docket No. 27] is denied.

6.   Plaintiff's motion to permit oversize pages [Docket No. 30] is denied as moot.

7.   Plaintiff's motion to strike defendant's response to plaintiff's response to defendant's motion to dismiss [Docket No. 31] is denied.

8.   Plaintiff's motion to permit oversize pages [Docket No. 42] is denied as moot.

9.   Plaintiff's motion for special crisis emergency relief [Docket No. 48] is denied.

10.  Plaintiff's motion to strike defendant's supplement to the record [Docket No. 49] is denied.

11.  Plaintiff's motion to permit oversize pages [Docket no. 50] is denied as moot.

Dated:  December 22, 2005

                                  s/David S. Doty
                                  David S. Doty, Judge
                                  United States District Court